[Doc. No. 10]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AMERICAN FIRE AND CASUALTY COMPANY, as subrogee of Atlantic Mills Inc., Royal Wiping Cloth Company, Don Vog LLC, Peter Paul Donnelly, Peter John Donnelly, Mary Kate Nitto and Kerri Donnelly,<br><br>        Plaintiff,<br><br>    v.<br><br>MATERIAL HANDLING SUPPLY, INC.,<br><br>        Defendant. | Civil No. 06-1545 (JBS) |

**OPINION AND ORDER**

Background

This matter is before the Court on the Motion for Leave to File a Third party Complaint [Doc. No. 10] filed by defendant Material Handling Supply, Inc. ("MHS"). Plaintiff opposes the motion. [Doc. No. 15]. After reviewing the parties' written submissions and hearing oral argument on April 10, 2007, it is hereby Ordered that MHS's Motion is DENIED.

Plaintiff, American Fire and Casualty Company, filed this fire subrogation case on April 3, 2006. Plaintiff is the subrogee of its insureds/subrogors and seeks to recover insurance proceeds it paid out after a fire occurred at its insureds' building on March 25, 2005. Plaintiff further alleges that the fire originated in a

forklift that was located in the warehouse section of the building. See Plaintiff's Brief at 2. Plaintiff alleges that MHS negligently inspected and maintained the forklift and that it caused in excess of $3 million in damages. Id. at 1-2. Some of plaintiff's insureds owned the warehouse building where the fire occurred and other insureds operated a napkin and wipe manufacturing business at the location. Id.

MHS seeks to join plaintiff's insureds/subrogors as third party defendants.[1] MHS alleges that plaintiff's insureds negligently owned, maintained, serviced and inspected their warehouse and negligently maintained, serviced, inspected and tested the property's fire suppression and protection systems thereby contributing to and exacerbating the property damage and their loss of income. MHS also alleges that the insureds failed to properly maintain their forklifts. See MHS Reply Brief at 1-3. Plaintiff opposes MHS's joinder motion on the ground that MHS does not have a right to contribution or indemnity from its insureds. Plaintiff argues that its subrogors can not be liable to it as a matter of law and "[a]ccordingly, ... [MHS's] proposed third party complaint fails to state a cause of action." See Plaintiff's Brief at 3.

---

[1] The insureds/subrogors are Atlantic Mills Inc., Royal Wiping Cloth Company, Don Vog, LLC, Peter Paul Donnelly, Peter John Donnelly, Mary Kate Nitto and Kerry Donnelly. Mary Jo Donnelly will also be added to the complaint as a subrogor.

Discussion

The standard used to decide if leave should be granted to file a third party complaint pursuant to Fed. R. Civ. P. 14(a) is similar to the standard used to determine whether to permit the amendment of a pleading pursuant to Fed. R. Civ. P. 15(a). Ryan v. Collucio, 183 F.R.D. 420, 423 (D.N.J. 1998). It is well settled that leave to amend a pleading shall be freely given in the absence of undue or unexplained delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). In determining the futility of an amendment, this Court must apply the same standard of legal sufficiency as applies under Rule 12(b)(6). Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc., 380 F. Supp. 2d 457, 462 (D.N.J. 2005)(quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). The decision whether to grant or deny a motion for leave to amend "rests within the sound discretion of the district court." Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998).

Before addressing the merits of MHS's motion, a short

3

discussion of several basic elements of New Jersey subrogation law is appropriate. Subrogation may exist by virtue of an agreement between an insurer and its insured, a right created by statute, or a judicial device of equity to compel the ultimate discharge of an obligation by one who in good conscience ought to pay it. Aetna Ins. Co. v. Gilchrist Bros., Inc., 85 N.J. 550, 560 (1981). A subrogation action is derivative in nature. Therefore, "the insurer acquires whatever rights its insured had against a tortfeasor but no more, and is subject to the defenses the tortfeasor may have against the insured." Id. at 560-61. It is well-settled that a subrogee is subject to all legal and equitable defenses that the alleged tortfeasor may have against it or against its insured. Foster Estates, Inc. v. Wolek, 105 N.J. Super. 339, 341 (App. Div. 1969); Bill Gray Enterprises, Inc. Employee Health and Welfare Plan v. Gourley, 248 F.3d 206, 222 (3d Cir. 2001). Quite simply, in a subrogation action an insurer steps into the shoes of its insured. Montefusco Excavating & Contracting Co., Inc. v. Middlesex Co., 82 N.J. 519, 523 (1980); Dome Petroleum Ltd. v. Employers Mut. Liability Ins. Co. of Wisconsin, 776 F. Supp. 970, 985 (D.N.J. 1991). Therefore, a subrogee's rights can rise no higher than those of its subrogor. Holloway v. State, 125 N.J. 386, 396 (1991).

Based on the foregoing general principals of subrogation law, it is clear that MHS can assert against plaintiff all of the

defenses that it has against plaintiff's insureds - - the parties it is seeking to join. Indeed, this is precisely what MHS did when it answered plaintiff's complaint and pleaded its separate defenses. See MHS's Answer to Plaintiff's Amended Complaint, Third (the negligence of plaintiff's insureds bars this action), Fourth (plaintiff is bound by the comparative negligence of its insureds), Fifth (plaintiff is bound by the comparative negligence of its insureds "and the application of comparative negligence is applicable to the plaintiff as if it were in fact the participant as its insured in the ownership and operation of the plaintiff's insureds' building and business"),and Tenth (plaintiff's right of recovery against defendants "can rise no higher than any rights its insureds may have had against the defendants") Separate Defenses. [Doc. No. 5].

This Court has not identified a reported New Jersey case that addresses the issue of whether a defendant in a subrogation action can join the plaintiff's insureds/subrogors as third party defendants. However, two federal courts in Pennsylvania addressed the issue and ruled that joinder should be denied. In National Fire Ins. Co. of Hartford v. Daniel J. Keating, Co. ("National Fire"), 35 F.R.D. 137 (W.D.Pa. 1964), the plaintiff filed a fire subrogation action against Keating. Thereafter, Keating moved to join three of National Fire's named insureds as third party defendants. The insureds thereafter moved to strike the third

5

party complaint, which was granted.  In striking the third party complaint the Court reasoned that since the plaintiff stood in the place of its insureds it was subject to all defenses which the original defendant would have if the actions were brought by the insureds themselves.  Id. at 139.  Specifically, the Court ruled, "[d]efendant need not join as third parties those insureds who were paid by the insurers in order to defend on the grounds that the fire loss was caused by the sole or joint negligence of any of them, or that one or more of them were contributorily negligent or that a breach of contract by an insured was a cause of the fire loss."  Id. at 139-40.  The Court concluded that the presence of the subrogors in the case as third party defendants, "would serve no legal purpose or be of any legal benefit to Keating."  Id. at 140.  Similarly, in Wausau Underwriters Ins. v. Shisler, No. Civ. A. 98-5145, 1999 WL 529250 (E.D.Pa. 1999),  the Court dismissed the defendant's third party complaint naming Wausau's insureds.  The Court held that "an insurer cannot subrogate against its own insured...."  Id. at *4.  Accord Carolina Cas. Ins. Co. v. Insurance Co. of North America, 595 F.2d 128, 140 n. 44 (3d Cir. 1979).  This Court agrees with the rulings in  National Fire Ins. and Wausau Underwriters.  There is no question that MHS can raise at trial any defenses it has against plaintiff's insureds and, therefore, the joinder of the insureds serves no purpose.  In addition, since an insurance company cannot subrogate against its

6

own insureds, it would be futile to permit their joinder. The proposed new parties cannot be held jointly liable with MHS to plaintiff because plaintiff has no independent basis of liability against its own insureds.

The only case MHS cites in support of its motion is a 1984 trial court decision from Connecticut. See <u>Middlesex Mutual Assurance Co. v. Black</u>, 40 Conn. Supp. 63, 480 A. 2d 614 (1984). This Court declines to follow that decision. Not only is the reasoning in the decision cryptic, but the opinion refers to a prior ruling in the case which is not reported.

MHS also argues that practical considerations compel that its joinder motion be granted: "[w]ithout third party claims against the multiple subrogors, the jury's ability to apportion fault amongst them will be severely compromised"; it will be "virtually impossible" for a jury to apportion negligence to the subrogors; "[i]t would be much easier and clearer for a jury to assign percentages of fault to separately named parties"; and if its joinder motion is not granted it will be "precluded from presenting to the jury in a coherent understandable fashion, each responsible parties' percentage of fault as required by New Jersey law." <u>See</u> Reply Brief at 8-9. Another argument MHS makes is that it will allegedly be more convenient to obtain discovery from the plaintiff's insureds if they are named parties. <u>Id</u>. at 9. MHS's arguments are rejected. <u>See</u> <u>National Fire</u>, 35 F.R.D. at 139-40.

7

The jury in this case will be properly instructed regarding basic subrogation principles and the fact that the negligence of the plaintiff's subrogors is ascribed to plaintiff.  This Court does not believe it will be any easier at trial to apportion comparative negligence to the subrogors if they are third party defendants, compared to the present situation where they are nominal plaintiffs.  In addition, this Court will address any discovery problems that arise.

Accordingly, for all the foregoing reasons, it is hereby

ORDERED this 27th day of April, 2007, that MHS's Motion for Leave to File a Third party Complaint is DENIED.

                                       s/Joel Schneider
                                       JOEL SCHNEIDER
                                       United States Magistrate Judge