IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN FIRE AND CASUALTY CO., as subrogee of Atlantic Mills Inc., Royal Wiping Cloth Co., Don Vog LLC, Kerri Donnelly, Peter Paul Donnelly, Peter John Donnelly and Mary Kate Nitto,<br><br>        Plaintiff,<br>   v.<br><br>MATERIAL HANDLING SUPPLY, INC.,<br><br>        Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 06-1545 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court on the appeal [Docket Item 26], pursuant to Local Civil Rule 72.1(c), of Defendant Material Handling Supply Inc. ("MHS") from the April 27, 2007 Order of Magistrate Judge Schneider, which denied MHS's motion for leave to file a third-party Complaint against Plaintiff American Fire and Casaulty Co.'s subrogors/insureds. The Court finds as follows:

    1.  Under Local Civil Rule 72.1(c)(1)(A) a party may appeal a non-dispositive decision of a Magistrate Judge within ten business days. This appeal, filed on May 10, 2007, was therefore timely.

    2.  This Court may set aside Judge Schneider's ruling if it was clearly erroneous or contrary to law. L. Civ. R.

72.1(c)(1)(A).

3. The Court is not convinced by Defendant's argument that it was clearly erroneous for Judge Schneider to rely on the reasoning of other decisions by district courts in the Third Circuit in denying Defendant's motion to implead Plaintiff's subrogors. As Defendant acknowledges, neither New Jersey courts, the Third Circuit, nor District of New Jersey courts have decided whether a defendant is permitted to implead a subrogor who is the Plaintiff's insured to assert claims against the subrogor that the defendant may already assert against the existing Plaintiff/insurer/subrogee. In such a situation, where there is no binding authority on point, of course it is not error for a judge to look to persuasive decisions of district courts in Pennsylvania, as Judge Schneider did.

4. Further, Defendant articulates no argument that Judge Schneider's decision was contrary to law. Rather, Defendant merely reargues the positions it took before Judge Schneider: (1) it would be difficult for jurors to apportion liability to the subrogors in a contribution analysis unless those parties are added as third-party defendants and (2) obtaining discovery would be simpler if the subrogors were added as parties. Neither argument justifies reversal of Judge Schneider's reasoned decision.

5. Under Fed. R. Civ. P. 14(a), a defendant may seek leave

of the court to implead a third-party defendant who may be liable for all or part of the plaintiff's claim against that defendant/third-party plaintiff.  Where the impleader would be futile, such as when the proposed claim provides no legal basis for relief, a judge may properly deny the Rule 14(a) motion.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend need not be granted if amendment would be futile).

6.  As Judge Schneider explained, under New Jersey law, a subrogee steps into the shoes of its subrogor for purposes of the subrograted claim, so that any claims of contributory liability that Defendant may have against the proposed parties may instead be asserted against Plaintiff.  (Apr. 27, 2007 Op. at 4).  Under the New Jersey Supreme Court's decision in Aetna Ins. Co. v. Gilchrist Bros., the subrogee insurer "acquires whatever rights its insured had against a tortfeasor . . . and is subject to the defenses the tortfeasor may have against it or its insured." Aetna Ins. Co. v. Gilchrist Bros., 85 N.J. 550, 560-61 (1981).  Therefore, the proposed third-party defendants could not be liable for all or part of the plaintiff's claims against MHS; those liabilities now belong to Plaintiff so that leave to implead those parties was properly denied.  As Judge Schneider explained, "MHS can assert against plaintiff [American Fire and Casaulty Co.] all of the defenses it has against plaintiff's insureds – the parties it is seeking to join."  (Apr. 27, 2007

Op. at 4-5.)  There is no argument that additional claims or rights exist.

    7.  For these reasons, Judge Schneider's decision denying Defendant's motion to implead the subrogors was not clearly erroneous or contrary to law and shall therefore be affirmed.  An appropriate Order shall be entered.


**August 16, 2007**                   **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                                 U.S. District Judge